[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11891
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00009-LJA-TQL-1


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

EDD COLBERT JONES, III,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 5, 2017)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Edd Colbert Jones III appeals his sentence of 18 months of imprisonment following his plea of guilty to conspiring to distribute and dispense controlled substances. 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). Jones argues that the decision to vary upward from his advisory guideline range of 6 to 12 months made his sentence unreasonable. We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)). We will not disturb the sentence unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks and citation omitted).

Jones's sentence of 18 months of imprisonment is reasonable. For two years, Jones, a licensed physician, wrote prescriptions for his mistress in her name and in the names of other persons, which led to the illegal distribution of more than 2,500 but less than 5,000 units of Schedule III substances. Jones provided the prescriptions to his mistress, a drug addict, in part, to supplement the income he

otherwise provided her. The district court reasonably determined that a variance of 6 months above the high end of Jones's sentencing range of 6 to 12 months was required to address his violation of his Hippocratic oath, his indifference to the prescription drug epidemic, his perpetuation of the drug addictions of his mistress and others in their rural community, the seriousness of his offense, and the need to protect the public against and to deter him from future similar crimes. *See* 18 U.S.C. § 3553(a). The district court found "particularly troublesome" Jones's lack of remorse, which was a factor the "district court [was] permitted to consider . . . in its § 3553 analysis[,]" *United States v. McNair*, 605 F.3d 1152, 1231 (11th Cir. 2010). Jones argues that the district court made "a blanket conclusion that remorse was not present," but the district court stated that Jones had "sp[oken] about how [his] family [had] been affected[ and] how [his] patients [had] been affected, but [he] ha[dn't] spoken . . . one word of remorse about how the people that [he] provided illegal drugs . . . were affected" or about why, after his mistress apparently "overdosed," his "behavior did not stop." We cannot say that the district court abused its discretion by imposing a sentence that is far below Jones's maximum statutory sentence of 20 years of imprisonment. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir.), *cert. denied*, 137 S. Ct. 254 (2016).

We **AFFIRM** Jones's sentence.

3